UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT W. JOHNSON,

                      Plaintiff,

v.

A. JEFFERSON; ONONDAGA CNTY.
DSS – ECONOMIC SECURITY TEMP;
J. RYAN MCMAHON II; SARAH G.
MERRICK; JEFFERSON CNTY. DSS;
M. BURNS; K THORN; DEBORAH
LABADINI; and MS. EVERLEIGH,

                      Defendants.

5:22-CV-0424
(GLS/ML)

---

APPEARANCES:

ROBERT W. JOHNSON
  Plaintiff, *Pro Se*
112 Court Street, Apartment 2
Watertown, New York 13601

OF COUNSEL:

MIROSLAV LOVRIC, United States Magistrate Judge

### ORDER and REPORT-RECOMMENDATION

Presently before the Court is a Complaint filed by *pro se* plaintiff Robert W. Johnson ("Plaintiff") together with an application to proceed *in forma pauperis*. (Dkt. Nos. 1, 2.)[1] For

---

[1] The Court is aware of fifty-five other cases filed by Plaintiff in April and May of 2022: (1) *Johnson v. Watervliet Hous. Auth.*, No. 5:22-CV-0389 (GLS/ML); (2) *Johnson v. Rodeway Inn Syracuse*, No. 5:22-CV-0396 (GLS/ML); (3) *Johnson v. Days Inn by Wyndham Syracuse*, No. 5:22-CV-0403 (GLS/ML); (4) *Johnson v. Am. Best Value Inn*, No. 5:22-CV-0404 (GLS/ML); (5) *Johnson v. Extended Stay Am. Inc.*, No. 5:22-CV-0405 (GLS/ML); (6) *Johnson v. Red Roof Inn # 157*, No. 5:22-CV-0406 (GLS/ML); (7) *Johnson v. Doubletree by Hilton Syracuse*, No. 5:22-CV-0407 (GLS/ML); (8) *Johnson v. Executive East Syracuse Hotel, LLC*, No. 5:22-CV-0408 (GLS/ML); (9) *Johnson v. Best Western PLUS*, No. 5:22-CV-0409

the reasons set forth below, Plaintiff's IFP application is granted and I recommend that

Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a

claim upon which relief may be granted.

---

(GLS/ML); (10) *Johnson v. Motel 6*, No. 5:22-CV-0410 (GLS/ML); (11) *Johnson v. Candlewood Suites East Syracuse*, No. 5:22-CV-0411 (GLS/ML); (12) *Johnson v. Springhill Suites Syracuse Carrier Circle*, No. 5:22-CV-0412 (GLS/ML); (13) *Johnson v. Ramada by Wyndham East Syracuse Carrier Circle*, No. 5:22-CV-0413 (GLS/ML); (14) *Johnson v. Embassy Suites by Hilton*, No. 5:22-CV-0414 (GLS/ML); (15) *Johnson v. Cresthill Suites*, No. 5:22-CV-0415 (GLS/ML); (16) *Johnson v. Residence Inn*, No. 5:22-CV-0416 (GLS/ML); (17) *Johnson v. Home Town Inn By Red Roof*, No. 5:22-CV-0417 (GLS/ML); (18) *Johnson v. Fairfield by Marriott Syracuse Carrier Circle*, No. 5:22-CV-0418 (GLS/ML); (19) *Johnson v. Hampton Inn & Suites Syracuse/Carrier Circle*, No. 5:22-CV-0419 (GLS/ML); (20) *Johnson v. Marriott Syracuse Downtown*, No. 5:22-CV-0420 (GLS/ML); (21) *Johnson v. Comfort Inn Syracuse-Carrier Circle*, No. 5:22-CV-0421 (GLS/ML); (22) *Johnson v. Alex*, No. 5:22-CV-0425 (TJM/ATB); (23) *Johnson v. Aaron*, No. 5:22-CV-0426 (BKS/ATB); (24) *Johnson v. Russo*, No. 5:22-CV-0439 (GTS/TWD); (25) *Johnson v. Rushow Enter.*, No. 5:22-CV-0440 (GTS/TWD); (26) *Johnson v. Monro Muffler Brake & Serv.*, No. 5:22-CV-0441 (GTS/TWD); (27) *Johnson v. Rosetti*, No. 5:22-CV-0442 (GTS/TWD); (28) *Johnson v. United States Postal Serv.*, No. 5:22-CV-0443 (GTS/TWD); (29) *Johnson v. Gibson, McAskill & Crosby, LLP* No. 5:22-CV-0444 (GTS/TWD); (30) *Johnson v. Trustage*, No. 5:22-CV-0445 (GTS/TWD); (31) *Johnson v. Bond, Schoeneck & King LLC*, No. 5:22-CV-0446 (GTS/TWD); (32) *Johnson v. EmPro*, No. 5:22-CV-0447 (GTS/TWD); (33) *Johnson v. Bitrategaming*, No. 5:22-CV-0448 (GTS/TWD); (34) *Johnson v. New York State Div. of Human Rights*, No. 5:22-CV-0449 (GTS/TWD); (35) *Johnson v. Synchrony Bank*, No. 5:22-CV-0450 (GTS/TWD); (36) *Johnson v. Vera House*, No. 5:22-CV-0451 (GTS/TWD); (37) *Johnson v. Black River Apartments*, No. 5:22-CV-0452 (GTS/TWD); (38) *Johnson v. Human Resources Admin. of Dep't of Homeless Servs.*, No. 5:22-CV-0453 (GTS/TWD); (39) *Johnson v. Jefferson Cnty. DSS*, 5:22-CV-0454 (GTS/TWD); (40) *Johnson v. Gibbs*, No. 5:22-CV-0455 (GTS/TWD); (41) *Johnson v. Schenectady Cnty. EFCU*, No. 5:22-CV-0456 (GTS/TWD); (42) *Johnson v. ESIS, Inc.*, No. 5:22-CV-0457 (GTS/TWD); (43) *Johnson v. McMahon*, No. 5:22-CV-0463 (MAD/TWD); (44) *Johnson v. Rusin*, No. 5:22-CV-0464 (MAD/TWD); (45) *Johnson v. Powell*, No. 5:22-CV-0465 (MAD/TWD); (46) *Johnson v. New York State Div. of Human Rights*, No. 5:22-CV-0466 (MAD/TWD); (47) *Johnson v. Vera House, Inc.*, No. 5:22-CV-0467 (MAD/TWD); (48) *Johnson v. Ault*, No. 5:22-CV-0474 (LEK/ATB); (49) *Johnson v. Richland Cnty. Jail*, No. 9:22-CV-0475 (TJM/ML); (50) *Johnson v. Courtyard Syracuse Downtown at Armory Square*, No. 5:22-CV-0511 (DNH/ATB); (51) *Johnson v. Quality Inn & Suites Downtown*, No. 5:22-CV-0512 (DNH/ATB); (52) *Johnson v. Springhill Suites Cleveland Independence*, No. 5:22-CV-0513 (DNH/ATB); (53) *Johnson v. Courtyard Erie Bayfront*, No. 5:22-CV-0514 (DNH/ATB); (54) *Johnson v. Springhill Suite Syracuse Carrier Circle*, No. 5:22-CV-0527 (DNH/ATB); and (55) *Johnson v. Embassy Suites by Hilton*, No. 5:22-CV-0531 (DNH/ATB).

I.      BACKGROUND

On May 3, 2022, Plaintiff commenced this action by filing a form complaint for civil rights violations pursuant to 42 U.S.C. § 1983, against Defendants A. Jefferson, Onondaga County DSS – Economic Security Temp, J. Ryan McMahon II, Sarah G. Merrick, Jefferson County DSS, M. Burns, K. Thorn, Deborah Labadini, and Ms. Everleigh (collectively "Defendants").  (Dkt. No. 1.)

The Complaint alleges that Defendants denied Plaintiff SNAP benefits, Medicaid, cash assistance, and emergency shelter services based on falsified records and accusations that Plaintiff was not fulfilling requirements.  (Dkt. No. 1.)

Based on these factual allegations, the Complaint appears to assert the following three causes of action: (1) a claim that Defendants falsified records; (2) a claim that Defendants imposed a cruel and unusual punishment against Plaintiff; and (3) a claim of discrimination pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983.  (*Id*. at 24-25.)

As relief, Plaintiff seeks $100,000,000.00 in punitive damages, "DSS services," "sanctions," and all other relief that is deemed just and proper.  (*Id*. at 58.)

II.     **PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS***

"When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $402, must ordinarily be paid.  28 U.S.C. § 1914(a).  A court is authorized, however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action.  28 U.S.C. § 1915(a)(1).[2]  After reviewing Plaintiff's *in*

---

[2]    The language of that section is ambiguous because it suggests an intent to limit availability of *in forma pauperis* status to prison inmates.  *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses").  The courts have construed that section, however, as making *in forma pauperis* status available to any litigant

*forma pauperis* application (Dkt. No. 2), the Court finds that Plaintiff meets this standard. Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[3]

### III. LEGAL STANDARD FOR REVIEW OF THE COMPLAINT

Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party or parties have been served and have had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. 28 U.S.C. § 1915(e); *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam); *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983); *see, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based

---

who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[3]    Plaintiff is reminded that, although his application to proceed *in forma pauperis* has been granted, he is still required to pay fees that he may incur in this action, including copying and/or witness fees.

on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. More specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 [2007]). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

IV.     ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that all causes of action be dismissed.

### A. Falsifying Records

Plaintiff's allegation that "[a]ll [D]efendants are falsifying records to prohibit [Plaintiff] from receiving housing and emergency shelter services," falls within the well-established definition of a frivolous claim. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Moreover, "only conclusory, vague, or general allegations" fail to state a claim upon which relief may be granted. *Leon v. Murphy*, 988 F.2d 303, 311 (2d Cir. 1993). This allegation instead offers "a litany of general conclusions that shock but have no meaning." *Hunt v. Budd* 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (citing *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *see Thomas v. Five Star Elec.*, 2019 WL 13125152, at *21 (S.D.N.Y. Aug. 23, 2019) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)) (dismissing the plaintiff's claims that the defendants were "falsifying legal documents" because those were "conclusory allegations, devoid of any factual basis, [and] fail[ed] to 'raise a right to relief above the speculative level . . . i.e.*, enough to make the claim plausible.'").[4]

Further, to the extent that Plaintiff is alleging that Defendants violated the New York Penal Law by falsifying records, "[t]here is no private right of action to enforce either state or federal criminal statutes." *McFadden v. Ortiz*, 12-CV-1244, 2012 WL 7991767, at *3 (N.D.N.Y.

---

[4] To the extent that Plaintiff's falsifying records claim could be construed as a claim pursuant to the False Claims Act, I recommend that it be dismissed because "the Act allows for a private cause of action by means of a *qui tam* suit to recover 'for a harm done to the Government.'" *Zorn v. Vermont*, 11-CV-0221, 2011 WL 4748255, at *3 (D.Vt. Oct. 6, 2011) (quoting *Woods v. Empire Health Choice, Inc.*, 574 F.3d 92, 97 (2d Cir. 2009)). "Because [Plaintiff] is claiming personal harm, his claim cannot proceed." *Zorn*, 2011 WL 4748255, at *3.

Aug. 7, 2012) (Baxter, M.J.) (citing *Carvel v. Ross*, 09-CV-0722, 2011 WL 856283, at *11-12 (S.D.N.Y. Feb. 6, 2011)).

As a result, I recommend that Plaintiff's falsifying records claim be dismissed.

### B. Cruel and Unusual Punishment

To the extent Plaintiff alleged that Defendants' denial of his applications for benefits constituted a cruel and unusual punishment pursuant to the Eighth Amendment, I recommend that claim be dismissed for failure to state a claim upon which relief may be granted.

"The Eighth Amendment applies in cases where an individual is both convicted and incarcerated." *Kellier v. MMS*, 20-CV-10939, 2021 WL 1947775, at *3 (S.D.N.Y. May 13, 2021) (citing *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (discussing application of Eighth Amendment in cases where a plaintiff is a convicted prisoner); *Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996) (noting that the Eighth Amendment governs claims of convicted persons because of its prohibition of "cruel and unusual punishment")).

Here, because "Plaintiff is neither convicted nor incarcerated, the Eighth Amendment does not apply to this case." *Kellier*, 2021 WL 1947775, at *3; *see Hook v. Mutha*, 168 F. Supp. 2d 77, 79 (S.D.N.Y. 2001) (finding that "the Eighth Amendment does not apply" where "[t]here was no criminal proceeding" and "[t]he treatment accorded to plaintiff was not 'cruel and unusual punishment'" where the plaintiff alleged his food stamps were discontinued for a period of time); *see also In re Taneja*, 17-CV-9429, 2019 WL 1949839, at *1 (S.D.N.Y. April 19, 2019) (quoting *Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc.,* 492 U.S. 257, 262 (1989)) (finding that the court's dismissal of the plaintiff's bankruptcy appeal did not constitute "cruel and unusual punishment" because "the Eighth 'Amendment is addressed to bail, fines, and punishments our cases have long understood it to apply primarily, and perhaps exclusively, to

criminal prosecutions and punishments.'"); *Hadley v. City of New York*, 15-CV-8231, 2017 WL 6729290, at *3 (S.D.N.Y. Oct. 4, 2017) (dismissing the plaintiff's claim of cruel and unusual punishment pursuant to the Eighth Amendment where the plaintiff alleged that she slipped and fell and she "ha[d] not interacted in any capacity with the criminal justice system."); *Fore v. Connecticut Light & Power*, 13-CV-0822, 2015 WL 5722719, at *4 (D. Conn. Sept. 1, 2015) (dismissing the plaintiff's Eighth Amendment cruel and unusual punishment claim where the electric company cut off power to the plaintiff's apartment because of a large and overdue bill, reasoning that "because plaintiff has not alleged that she was convicted of a crime, she does not have any claim arising from the Eighth Amendment."); *Robbins v. Police Pension Fund*, 321 F. Supp. 93, 99 (S.D.N.Y. 1970) (citing *Powell v. Texas*, 392 U.S. 514, 531-32 (1968)) ("While plaintiff incurred a detriment as the result of his loss of pension, even a severe detriment is not necessarily a cruel and unusual punishment. . . . The Eighth Amendment has traditionally been applied to punishments imposed for the violations of criminal statutes.").

As a result, I recommend that Plaintiff's cruel and unusual punishment claim be dismissed for failure to state a claim.

### C.    Discrimination

To the extent that Plaintiff alleges a claim of discrimination under the Equal Protection Clause of the Fourteenth Amendment, he fails to allege that he is a member of any protected class that the discrimination is based on.  (*See generally* Dkt. No. 1.)

The Equal Protection Clause provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.  Essential to that protection is the guarantee that "all persons similarly situated should be treated alike."  *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  The Second Circuit has held that

the Equal Protection Clause "bars the government from selective adverse treatment of individuals compared with other similarly situated individuals if such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Bizzarro v. Miranda*, 394 F.3d 82, 86 (2d Cir. 2005) (emphasis and internal quotation marks omitted). Accordingly, "[t]o prove an equal protection violation, claimants must prove purposeful discrimination directed at an identifiable or suspect class." *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995) (citation omitted); *Brown v. City of Oneonta, New York*, 221 F.3d 329, 337 (2d Cir. 2000) (holding that, in order to state a race-based equal protection violation, "a plaintiff must allege that a government actor intentionally discriminated against him on the basis of his race").

"[G]eneralized allegations do not make out an equal protection claim." *Sound Aircraft Servs., Inc. v. Town of E. Hampton*, 192 F.3d 329, 335 (2d Cir. 1999). "Well-pled facts showing that the plaintiff has been treated differently from others similarly situated" is "an essential component of such a claim[,] [and] [c]onclusory allegations of selective treatment are insufficient." *Abdur-Raheem v. Wenderlich*, 07-CV-6247, 2012 WL 5185605, at *1 (W.D.N.Y. Sept. 19, 2012) (internal quotation marks omitted), *report and recommendation adopted*, 2012 WL 5185191 (W.D.N.Y. Oct. 18, 2012); *see Miller v. Vermont Assocs. for Training and Dev.*, 20-CV-0178, 2021 WL 535816, at *2 (D. Vt. Feb. 12, 2021) ("To prove a violation of the Equal Protection Clause, . . . a plaintiff must demonstrate that [s]he was treated differently than others similarly situated as a result of intentional or purposeful discrimination.") (alteration and omission in original) (quoting *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005)). The plaintiff also must show that this disparity in treatment "cannot survive the appropriate level of

9

scrutiny" applicable to the alleged discrimination. *Phillips*, 408 F.2d at 129. To that end, a plaintiff pleading intentional discrimination based on race must allege one of three factual scenarios:

> [a] plaintiff could point to a law or policy that expressly classifies persons on the basis of race. Or, a plaintiff could identify a facially neutral law or policy that has been applied in an intentionally discriminatory manner. A plaintiff could also allege that a facially neutral statute or policy has an adverse effect and that it was motivated by discriminatory animus.

*Brown*, 221 F.3d at 337 (citations and internal quotation marks omitted); *see Rivera-Powell v. New York City Bd. of Elections*, 470 F.3d 458, 470 (2d Cir. 2006) ("In order to establish . . . a constitutional violation [under the Equal Protection Clause], [the plaintiff] would have to show that the [defendant] intentionally discriminated against her, either by adopting . . . racial animus policies which are facially neutral but have a racially discriminatory effect, or by applying a facially neutral policy in a racially discriminatory manner.").

The Complaint fails to allege facts plausibly suggesting any of these scenarios and does not allege facts to support a claim that Plaintiff was treated differently than others similarly situated as a result of intentional or purposeful discrimination. (*See generally* Dkt. No. 1.) In addition, Plaintiff offers no specific factual allegations to support any claim that Defendants' alleged actions were the result of discrimination based on Plaintiff's membership to a protected class. (*Id.*); *see Hollins v. South Burlington Police Dep't*, 18-CV-0151, 2020 WL 1033335, at *7 (D. Vt. Mar. 3, 2020) (holding that "[i]n the absence of further factual allegations, Plaintiff's bare allegation does not plausibly give rise to a claim of racially motivated discrimination" where the plaintiff alleged that the individual defendants "targeted" him because of "the color of his skin"); *Traylor v. Hammond*, 94 F. Supp. 3d 203, 215 (D. Conn. 2015) ("merely alleg[ing]" that the plaintiff is African-American, the defendant engaged in certain actions, and the defendant would not have engaged in those actions if the defendant were another race, "is not sufficient" to defeat

a motion to dismiss); *Garzon v. Jofaz Transp., Inc.*, 11-CV-5599, 2013 WL 783088, at *3 (E.D.N.Y. Mar. 1, 2013) (where "the majority of [a] plaintiff's allegations do little more than cite to her mistreatment and ask the court to conclude that it must have been related to her race or gender, the allegations in the complaint do not plausibly give rise to a claim for discriminatory treatment."); *Drayton v. Toys 'R' Us Inc.*, 645 F. Supp. 2d 149, 161 (S.D.N.Y. 2009) (holding that plaintiff's "conclusory allegations" were insufficient to raise an inference of intentional discrimination, and explaining that the plaintiff could "not base his claim of racial discrimination on general racism in society" (internal quotation marks omitted)).

As a result, I recommend that Plaintiff's discrimination claim be dismissed for failure to state a claim upon which relief may be granted.

V.     **OPPORTUNITY TO AMEND**

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d

11

129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[5]

In this case, it is not clear whether better pleading would permit Plaintiff to assert a cognizable cause of action against Defendants.  Out of deference to Plaintiff's *pro se* status, however, I recommend that Plaintiff be granted leave to amend the Complaint.

If Plaintiff chooses to avail himself of an opportunity to amend, such amended pleading must set forth a short and plain statement of the facts on which he relies to support any legal claims asserted.  Fed. R. Civ. P. 8(a).  In addition, the amended complaint must include allegations reflecting how the individuals named as Defendants are involved in the allegedly unlawful activity.  Finally, Plaintiff is informed that any such amended complaint will replace the existing Complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court.  *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (internal quotation marks omitted)).

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further

---

[5]     *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

**RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1) for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[6]

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[7] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: May 31, 2022
Binghamton, New York

*Miroslav Lovric*
Miroslav Lovric
U.S. Magistrate Judge

---

[6] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

[7] If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).